UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARLOS R. BALL,
          Plaintiff,

                                        Case No. 2:13-cv-904
          v.                            CHIEF JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Norah McCann King

TENNESSEE VALLEY AUTHORITY,
et al.,
          Defendants.

<u>OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Carlos Ball's motion to dismiss. (ECF No. 75.) For the reasons that follow, the motion is **GRANTED** in accordance with this Opinion and Order.

## I. BACKGROUND

The background of this case has been previously set forth in the Court's May 20, 2014 Opinion and Order. (ECF No. 57.) Thus, in the interest of judicial economy, the Court will limit the background discussion to the facts relevant to the motion at issue.

### A. Factual Background

The facts upon which the Court relies are alleged in Plaintiff Carlos R. Ball's amended complaint. (ECF No. 26.) Plaintiff was hired by MPW, an Ohio corporation, on September 19, 2009, as a technician. Plaintiff is a resident of Licking County, Ohio, and was based at MPW's headquarters in Hebron, Ohio. His job duties included cleaning industrial boilers in various power plants, paper mills, and foundries by manually shoveling and vacuuming coal fly ash.

On August 13, 2010, MPW received Tennessee Valley Authority's ("TVA") request for bids to clean the Paradise Plant's Unit 1 Selective Catalytic Reduction ("SCR") systems. The

1

request required bidders to supply their own vacuum trucks, lighting, tools, laborers, and supervisors. It also required bidders to propose the necessary manpower, equipment, and schedule. The request indicated that the work would begin on October 25, 2010, two days after a scheduled outage lasting fourteen days, even though, Plaintiff alleges, that the work should take at least thirty days to complete. The request also stated that the coal fly ash that was to be vacuumed was expected to be three feet high. MPW was awarded the contract.

Plaintiff further alleges:

50. On October 28, 2010, five days after the outage began, MPW employees on the first shift began to vacuum the pile of hot fly ash in the Unit 1 SCR Outlet Duct. During their work on the first shift, the pile of ash slid like an avalanche. This slide almost engulfed several employees, who immediately reported the near-miss to MPW managers and supervisors.

51. On October 28, 2010, [Plaintiff] worked the second shift with two other MPW employees, Tyler Kelly and Chris Ramey. These three technicians expressed concern about the work conditions in the Unit 1 SCR Outlet Duct.

52. MPW knew about the toxic and hazardous conditions in the Unit 1 SCR Outlet Duct because employees requested, and were denied, additional protective gear.

53. Kelly told a MPW supervisor at the job site and a TVA and/or GUBMK supervisor at the job site that Kelly was concerned about the height of the hot fly ash pile and that the pile could fall on the workers. TVA and/or GUBMK, and MPW, therefore knew the hot coal fly ash in the Unit 1 SCR Outlet Duct was hazardous, unstable, and posed an unreasonable danger to any individual near it. MPW's supervisor, Tim Pickering, replied, "do the work slowly or you can get your stuff and return home and not have a job."

54. At their supervisor's direction, [Plaintiff], Kelley, and Ramey entered the confined space in the Unit 1 SCR Outlet Duct to clean out the hot coal fly ash. MPW assigned Plaintiff to vacuum coal fly ash from the Unit 1 SCR Outlet Duct at TVA's Paradise Plant.
. . . .

58. At approximately 1:00 a.m., October 29, 2010, approximately half-way through [Plaintiff]'s scheduled shift, the ash pile collapsed. The hot ash flowed like a liquid and engulfed [Plaintiff]. Kelley and Ramey were also injured by the flowing hot ash.

2

59. Ramey, the closest MPW employee to the exit, was the first to run and exit the duct. Kelly attempted to run, but was knocked down and suffered severe burns to his hands and feet.

60. [Plaintiff] was engulfed by the smoldering hot ash. It burned through [his] cotton pants and shirt, as well as his steel toed boots and respirator mask. [Plaintiff] collapsed to the ground, overcome by the hot ash.

(*Id*. ¶ ¶ 50–54, 58–60.)

Plaintiff was life-flighted to Vanderbilt University Medical Center, where he was hospitalized for ninety-seven days. He was subsequently hospitalized at the Ohio State University Wexner Medical Center for an additional forty-one days. Plaintiff suffered serious burns over forty percent of his body, acute respiratory failure/pulmonary insufficiency, post-traumatic stress disorder, and major depressive disorder. He has had at least 18 surgeries and skin grafts since the accident. His injuries have resulted in substantial physical deformities.

### B. Procedural Background

On November 7, 2013, Defendants Tennessee Valley Authority, and Defendants G.UB.MK Constructors, URS Energy & Construction, Inc., Williams Plant Services, LLC, and WorleyParsons Group, Inc. filed motions to dismiss. (ECF Nos. 19, 20.) MPW filed a motion to dismiss or transfer for improper venue on February 2, 2014. (ECF No. 50.) On May 20, 2014, this Court granted the motions to dismiss filed by Defendants Tennessee Valley Authority, G.UB.MK Constructors, URS Energy & Construction, Inc., Williams Plant Services, LLC, and WorleyParsons Group, Inc. (ECF No. 57.) In that same Opinion and Order, the Court denied MPW's motion to dismiss or transfer for improper venue. (*Id*.)

Defendant MPW filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on June 18, 2014 (ECF No. 60), to which Plaintiff subsequently filed his response (ECF No. 64), and Defendant filed its reply (ECF No. 65). On January 9, 2015,

Plaintiff filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 75.)  Defendant filed its response on January 20, 2015 (ECF No. 77), and Plaintiff filed his reply on January 27, 2015 (ECF No. 78).  The motion has, therefore, been fully briefed and is ripe for this Court's review.

## II. PLAINTIFF'S MOTION TO DISMISS

### A.  *Dismissal Under Rule 41(a)(2)*

#### a.  Rule 41(a)(2) Standard

Rule 41(a)(2) provides plaintiffs an avenue to dismiss their own cases:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  The Rule exists primarily to protect the interests of the defendant, but courts should consider the equities of dismissal as applied to all parties.  *See* James Wm. Moore et al., 8 *Moore's Federal Practice* § 41.40[5][A] (3rd ed. 2011).  Whether to grant a plaintiff's request under Rule 41(a)(2) falls under the "sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." *Bridgeport Music, Inc. v. Universal–MCA Music Pub., Inc.,* 583 F.3d 948, 953 (6th Cir. 2009).  Dismissal pursuant to Rule 41(a)(2) is improper when the nonmoving party would suffer "plain legal prejudice" as a result. *Grover*, 33 F.3d at 718*.*

"The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) addresses. *Jones v. W. Reserve Transit Auth.,* 455 Fed. App'x 640, 643 (6th Cir.

4

2012). In determining whether voluntary dismissal would result in "plain legal prejudice" the Court considers the following factors: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) whether a motion for summary judgment is pending. *See Bridgeport Music,* 583 F.3d at 953 (6th Cir. 2009); *see also Rivera v. DePuy Orthopaedics, Inc.,* Case No. 3:10 DP 20060, 2011 WL 4368981, at *2–3 (N.D. Ohio Sept. 19, 2011) (citing *Cone v. W. Va. Pulp & Paper Co.,* 330 U.S. 212, 217 (1947), and *Grover,* 33 F.3d at 718).

   b.   <u>MPW's Effort and Expense in Preparing for Trial</u>

   Ball acknowledges that both Parties have conducted, and at the time his motion was filed, were continuing to conduct discovery. Thus, it is undisputed that MPW has dedicated a fair amount of effort and expense into trial preparation. Ball contends, however, that if the Court dismisses the case without prejudice, MPW's effort and expense will not be wasted because the same discovery compiled for this litigation can be used in state court. According to Ball, other courts have found that dismissal without prejudice is appropriate when the discovery can be applied to a later action. (ECF No. 75) (citing *Wargo v. Jungels*, No. 11-10195, 2012 WL 1060094 (E.D. Mich. March 29, 2012); *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007); *Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005)).

   Defendant does not address this first *Grover* element alone, but sets forth a detailed summary of the discovery timeline for both Parties throughout the pendency of the litigation. Given what MPW and Ball have presented to this Court, it is clear that MPW has put forth a great deal of effort and expense into preparing for this case. Though MPW has been deeply involved in its preparation for the case, Ball's suggestion that the discovery gathered can be

5

applied to a state court claim effectively prevents the Parties' discovery efforts from being squandered.    Considering the Parties' arguments and explanations relevant to this *Grover* element, the Court finds that it weighs in favor of granting dismissal.

> c.   Excessive Delay or Lack of Diligence by Ball

Plaintiff alleges that he has acted diligently in prosecuting this action.  He states that both Parties conducted multiple depositions, exchanged written discovery, and shared expert reports. Additionally, the Parties participated in an initial settlement conference in front of Magistrate Judge King.  Plaintiff claims that those facts demonstrate that he has prosecuted his case without delay, and, thus, this *Grover* factor supports dismissal.

Defendant disagrees.  It contends that Plaintiff delayed discovery, particularly with the production of a witness report.  Additionally, MPW asserts that Plaintiff waited until three weeks before the close of discovery to "begin discovery in earnest."  (ECF No. 77 at 6.)  Defendant proffers that Plaintiff also missed deadlines.  As such, Defendant purports that Ball has not been diligent in pursuing discovery follow-up or depositions, and is now seeking dismissal in an "attempt to circumvent this Court's Scheduling Order and get a second bite at discovery in state court."  (*Id.*)

Nothing in the record indicates that the issues and discussions between the Parties rose to the level of delay sufficient to warrant denial of dismissal without prejudice.    *See Cogent Solutions Group, LLC v. Brown*, Case No. 12-cv-665, 2013 WL 6116052, at *6-7 (S.D. Ohio Nov. 30, 2013); *Luckey v. Butler Cnty.*, Case No. 1:05-cv-388, 2006 WL 91592, at *3 (S.D. Ohio Jan. 13, 2006).  No deadlines were missed; no motions compelling discovery were filed.  Thus, this factor weighs in Ball's favor.

> d.   Sufficiency in Need for Dismissal

Plaintiff argues that he has sufficiently explained why this litigation should be dismissed without prejudice. He maintains that there is no reason to keep this action in federal court, particularly given that the other Defendants were dismissed from the case in May 2014. (ECF No. 57.) Rather, Plaintiff intends to file his claim against MPW in state court, as he sought to originally.

Defendant counters that, if Plaintiff's basis for dismissal—to proceed in state court—was his true reason, Plaintiff would have sought dismissal immediately following this Court's May 20, 2014 Order. Because Plaintiff has waited to pursue dismissal, Defendant insists that Ball's actual reason for dismissal is that "he failed to diligently pursue discovery, failed to comply with this Court's scheduling order and wants a second chance at discovery." (ECF No. 77 at 7.)

This element weighs in favor of granting dismissal. While Defendant argues that the Plaintiff should have dismissed this case and refiled in state court several months ago, that does not make Ball's need for dismissal insufficient. Plaintiff asserts that, because it originally brought its case against MPW in state court, with MPW as the sole remaining Defendant, state court is the proper venue. This Court finds that to be a sufficient basis for dismissal.

e. <u>Whether Summary Judgment has Been Filed</u>

Neither Party has filed a motion for summary judgment at this phase of the proceedings. Defendant, however, asserts that its motion for judgment on the pleadings should be weighed analogously to a motion for summary judgment under Rule 41(a)(2). Moreover, Defendant has made it clear that it is prepared to file its motion for summary judgment on February 15, 2015. Defendant cites *Maldonado v. Thomas M. Cooley Law Sch.* to support the contention that its pending judgment on the pleadings should prevent this Court from granting Plaintiff's request for dismissal. 65 F. App'x 955 (6th Cir. 2003). The *Maldonado* Court determined that the

7

district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after the defendants moved for judgment on the pleadings to file his motion, and the plaintiff's explanation of his need for the dismissal was convoluted.  *Id.* at 957.  Moreover, the plaintiff had acted in bad faith.  *Id.*

Here, Defendant did file a motion for judgment on the pleadings on June 18, 2014.  (ECF No. 60.)  The case *sub judice*, however, is distinguishable from *Maldonado*, particularly because Plaintiff has not acted in bad faith, did not wait until discovery was closed to file its motion, and did not give a convoluted explanation for dismissal.  Furthermore, "a pending defense for summary judgment is a relevant *factor* in the Rule 41(a)(2) analysis," not determinative in and of itself, and the relevant case law does not "suggest that the pendency of a summary judgment or similar motion, such as the present motion for judgment on the pleadings, precludes the Court from considering Rule 41(a)(2) motions."  *Luckey v. Butler Cnty.*, Case No. 1:05-cv-388, 2006 WL 91592, at *2 n.9 (S.D. Ohio Jan. 13, 2006) (citing Grover, 33 F.3d at 718).  Defendant's motion for judgment on the pleadings, standing alone or considered with its other arguments relevant to the *Grover* factors, does not warrant denying Plaintiff's request for dismissal. Accordingly, this Court finds dismissal under Rule 41(a)(2) appropriate.

*B.  Conditions of Dismissal*

The Court must also consider the conditions of dismissal set forth in Defendant's reply. (ECF No. 77.)  Rule 41(a)(2) allows for the "the payment of costs incurred by a defendant" as a condition of dismissal without prejudice.  *Bridgeport Music*, 583 F.3d at 954.  The award of costs and attorney fees for a Rule 41(a)(2) dismissal is discretionary.  *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992).  Although common as a condition of dismissal, *see Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, Case No. 91–6040, 1992 WL 172129, at

*3 (6th Cir. July 22, 1992), "Rule 41(a)(2) ... is not a fee-shifting statute" that guarantees an automatic award of attorneys' fees, *Bridgeport Music*, 481 F.3d at 931.  To this end, several factors guide whether attorneys' fees or costs should be imposed as conditions of dismissal:

> (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation (2) whether the defendant incurred substantial expenses in defending the action, including as a result of the advanced stage of the proceedings or the nature of the litigation; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action.

*Dowling v. Select Portfolio Servicing, Inc.*, Case No. 05–cv–00049, 2007 WL 2815567, at *4 (S.D. Ohio Sept. 25 2007) (citations omitted); see also *United States v. 2007 BMW 335i Convertible, VIN:WBAWL73547PX47374*, 648 F. Supp.2d 944, 954 (N.D. Ohio 2009).

Defendant requests this Court grant certain conditions of dismissal under Rule 41(a)(2) to reimburse MPW for the costs and attorneys' fees incurred for work done as part of this federal proceeding.  In this case, the Court will allow for dismissal without prejudice.  The Court acknowledges that Plaintiff's request for voluntary dismissal comes at a late stage in this action.  Moreover, the Court does not doubt that MPW has incurred defense costs relating to Plaintiff's claims.  At the same time, however, all the discovery done in this case can be used in a future state action, assuming one is filed.  Additionally, a state court judge can consider the stage to which this case progressed in determining a future trial date and case management schedule.

Moreover, the Court will not require Plaintiff to pay MPW's defense costs and attorney fees as a condition to voluntary dismissal.  MPW seeks reimbursement for "work that was unnecessary in the state court." (ECF No. 77 at 8.)  The current record, however, does not reflect that Ball brought this action in bad faith.  Further, there is no dispute that the discovery collected in this litigation can be applied to a state action.  Taking those factors altogether, this Court does

9

not find that awarding attorneys' fees and costs is warranted as a condition of dismissal. Plaintiff's Complaint is **DISMISSED** without prejudice subject to the condition that the Parties may use any discovery materials in any subsequent action.

### IV. CONCLUSION

For the reasons stated, Plaintiff's motion to dismiss (ECF No. 75) is **GRANTED**. Accordingly, Defendants' motion for judgment on the pleadings (ECF No. 60) is **MOOT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**


_2-10-2015_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES CHIEF DISTRICT JUDGE**

10